UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STANLEY B. DANIELS,

    Plaintiff,

v.                              Case No. 2:25-cv-1089-KCD-DNF

SHERIFF OF HENDRY
COUNTY JAIL, et al.,

    Defendants.
_____/

## ORDER

Plaintiff Stanley Byron Daniels brings this *pro se* action under 42 U.S.C. § 1983, alleging that he was injured when a desk in his cell at the Hendry County Jail came unbolted from the wall and landed on him. (Doc. 1.) Daniels is a prisoner, and his claims are screened under 28 U.S.C. § 1915A.[1]

This is the fourth case from Daniels raising identical claims. After review, the Court dismisses the complaint for failing to state a claim on which relief may be granted. Alternatively, it is dismissed because Daniels previously filed three complaints against the same defendants asserting the same claims that were dismissed on the merits.

---

[1] Under 28 U.S.C. § 1915A(a), "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

## I. Background

On January 2, 2025, Daniels filed a civil rights complaint against the Sheriff of Hendry County, the Major of Hendry County Jail, and the Head Doctor of Hendry County Jail. (MDFL Case No. 2:25-cv-26-SPC-NPM, *Daniels I*). Daniels generally alleged that a table in his cell collapsed on him, causing injuries to his back, neck, toe, and shoulder. (*Daniels I* at D.E. 1, p. 5.) The court dismissed the complaint under 28 U.S.C. § 1915(e)(2) because "[t]he bare allegation that a table in the jail was broken does not establish an extreme condition that created a risk of serious damage to Daniels' health." (*Id.* at D.E. 15, p. 3.) The judge also concluded that Daniels did not allege "any facts from which the Court could infer that the defendants knowingly and recklessly subjected him to a risk of serious harm." (*Id.* at p. 4.) As to the doctor, the judge concluded that Daniels had not alleged facts showing that he "had a serious medical need or that the doctor was deliberately indifferent to such a need." (*Id.* at p. 5.) Daniels was given a chance to amend. (*Id.*) But when he did not file a timely amended complaint, the court dismissed the case without prejudice. (*Id.* at D.E. 15.)

Daniels filed a new case several months later, naming Sheriff Steve Whiddon and Sergeant Montdragon as defendants. (MDFL Case No. 2:25-cv-587-JLB-KCD, *Daniels II*.) He once again alleged that a table in his cell collapsed on him, injuring his back and left shoulder. He further alleged that

as soon as the table collapsed, he was taken to the hospital by ambulance, given an x-ray, and told that nothing was wrong. (*Id.* at D.E. 1, p. 5.) After Daniels' release from jail, his private doctor ordered an M.R.I. that showed fractures in his back and shoulder. (*Id.* at p. 6.) The assigned judge dismissed the complaint for two reasons. First, he concluded that Daniels had not stated a deliberate indifference claim:

> The Court assumes (without finding) that the poorly-secured desk presented an objectively serious risk of harm to Plaintiff. However, Plaintiff has not plausibly alleged that a defendant acted with a sufficiently culpable state of mind. In 2024, the Eleventh Circuit addressed whether a defendant must act with "more than mere negligence" or "more than gross negligence" to be found deliberately indifferent, clarifying that the appropriate standard was actually "subjective recklessness as used in the criminal law." [*Wade v. McDade*, 106 F.4th 1251, 1258 (11th Cir. 2024)]. Thus, when a plaintiff alleges that jail officials were negligent—or even grossly negligent—for not maintaining the jail's facilities, he does not state a constitutional claim. Here, the defendants issued a work order to secure the desk, which was a reasonable response to a report of a broken desk. While the officers' failure to ensure that the desk was secured before placing a prisoner in the cell may have been negligent (and poorly advised in hindsight), Plaintiff has alleged no facts suggesting that the risk of serious harm was so obvious that the defendants acted with criminal recklessness when allowing his placement in his cell. Thus, Plaintiff's claim sounds in negligence, not deliberate indifference and must be dismissed for failing to state a cognizable section 1983 claim.

(*Daniels II*, at D.E. 7, pp. 5–6.) Second, the judge concluded that amendment would be futile because Daniels admitted that he did not exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a) before filing the complaint. The court explained:

3

> It is clear from the face of Plaintiff's complaint that he did not exhaust (or attempt to exhaust) his claims. Plaintiff does not argue otherwise. Instead, he asserts that he did not exhaust his claims because he was released from jail on bond shortly after the incident giving rise to the claim. However, a prisoner's release or transfer to another prison does not obviate the PLRA's requirement to exhaust his claims before filing a complaint in federal court. *See Bryant v. Rich*, 530 F.3d 1368, 1373 (11th Cir. 2008) (recognizing that a prisoner's failure to exhaust is not excused by temporary obstacles such as a lockdown, transfer, or refusal by prison officials to provide the necessary forms); *Hilton v. Sec'y, Dep't of Corr.*, 170 F. App'x 600, 605 (11th Cir. 2005) (recognizing that the plaintiff's claims were unexhausted because "he fails to allege that he was unable to obtain [grievance] forms once he was released from [administrative] confinement"); *Kitchens v. Wells*, No. CV 323-012, 2023 WL 3294587, at *5 (S.D. Ga. May 5) ("Neither [plaintiff's] illness nor his transfer excuses his failure to file a grievance."), *report and recommendation adopted*, 2023 WL 3792646 (S.D. Ga. June 2, 2023).
>
> Moreover, although Plaintiff bonded out of prison after the June 21, 2023 incident—presumably with too little time to file a grievance—a review of the Hendry County Clerk of Court's website shows that he was arrested on other charges and returned to the jail on June 30, 2023. He bonded out again on July 1, 2023, but his bond was revoked twelve days later. Plaintiff does not allege (and it does not appear from the record) that he was prevented from filing his grievances—only that doing so was inconvenient. *See Miller v. Pryor*, 315 F. App'x 149, 150 (11th Cir. 2008) (affirming dismissal for exhaustion because even where a prisoner is transferred to another facility he could have filed out-of-time grievances to exhaust administrative remedies).

(*Id*. at pp. 7–8 (citations to the docket and footnotes omitted).) Daniels appealed the dismissal, and the appeal is pending. (*Daniels II* at D.E. 10.)

Daniels filed a third complaint on October 22, 2025, once again alleging that the desk in his cell at the Hendry County Jail collapsed on him, injuring

4

his spine and shoulder. (MDFL Case No. 2:25-cv-956-KCD-DNF, *Daniels III*.) He alleged that the Hendry County Sheriff was negligent for not repairing the desk. And as in his earlier complaints, he asserted that he was not examined by medical staff at the jail, while simultaneously arguing that "the doctor in Hendry County is guilty of malpractice." (*Id.* at D.E. 1, p. 12.) Daniels admitted that his claims were the same as those already filed in *Daniels I* and *Daniels II* and that he was suing the same defendants. However, he argued that refiling was appropriate because his prior cases were dismissed without prejudice. (*Id.* at 9-10.)

Relying on the same reasoning as *Daniels I* and *Daniels II*, this Court dismissed *Daniels III* with prejudice as unexhausted and for failing to state a claim on which relief could be granted. (*Daniels III* at D.E. 2.) The Court also noted:

> Daniels previously filed two civil rights complaints against the same defendants alleging identical claims from [the] same operative facts. He does not argue otherwise, and he does not attempt to raise any new claims in his newest complaint. (*See* Doc. 1 at 9.) In *Daniels II*, the court dismissed the complaint for failing to state a claim under 28 U.S.C. § 1915A(b)(1). A dismissal for failure to state a claim under the screening statutes is an adjudication on the merits for res judicata purposes. *Harmon*, 263 F. App'x at 845; *NAACP v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990). Thus, the instant complaint is barred and subject to dismissal as frivolous

5

(*Daniels III* at D.E. 2, p. 6.) The Court further determined that the pending appeal in *Daniels II* would not alter the outcome because "'[a] judgment merely voidable because [it was] based upon an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause [of action].' *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 325 (1927)." (*Id.*)

## II. Discussion

As an initial matter, the Court notes that Daniels has merely filed a photocopy of the complaint in *Daniels III* with additional handwritten facts about exhaustion. (Doc. 1 at 7.) Otherwise, Daniels does not correct any pleading deficiencies in the fourth iteration of his complaint and continues to press his negligence and medical malpractice claims. Accordingly, for the reasons already discussed in three earlier orders, the complaint is once again subject to dismissal for failing to state a claim on which relief may be granted. To the extent Daniels believes that the courts have erroneously dismissed his complaint, he should prosecute his appeal of *Daniels II*, not continue to file substantially identical complaints in new cases, potentially accruing significant filing fees for each case.

## III. Conclusion

Daniels' complaint does not state a claim on which relief may be granted. Alternatively, because Daniels has already filed three virtually identical

complaints that were dismissed on the merits, the case is barred by res judicata and dismissed as frivolous.

Accordingly, it is **ORDERED**:

1. This case is **DISMISSED with prejudice** as frivolous, and for failing to state a claim on which relief may be granted.

2. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate any deadlines, and close this case.

**ENTERED** in Fort Myers, Florida on December 10, 2025.

Kyle C. Dudek
United States District Judge